Filing # 133607898 E-Filed 08/28/2021 11:45:05 AM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

GLEN MATTINGLY,

     Plaintiff,

v.                                Case No.

CITIBANK, N.A. and
CLIENT SERVICES, INC.,

     Defendants.

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

COMES NOW, Plaintiff, GLEN MATTINGLY ("Mr. Mattingly" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendants, CITIBANK, N.A. ("Debt Owner"), and CLIENT SERVICES, INC. ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), by communicating directly with Mr. Mattingly in connection with the collection of such alleged Debt after receipt of notice that Mr. Mattingly was represented by an attorney with respect to the alleged Debt, and after Defendants knew of, or could readily ascertain, Mr. Mattingly's attorney's name and contact information.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 1 of 11

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Hillsborough County, Florida, where Defendant has physical locations in Hillsborough County, Florida.

6.      Venue is proper in Hillsborough County, Florida, where this tortious cause of action accrued in Hillsborough County.

7.      Venue is also proper in Hillsborough County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Mr. Mattingly, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

9.      At all times material hereto, Debt Owner was and is a bank with its headquarters located at 5800 S. Corporate Place, Sioux Falls, SD 57108.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 2 of 11

8/28/2021 11:45 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 2

10. At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of MO, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

11. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

12. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Mattingly's alleged debt.

13. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Mattingly's alleged debt for Debt Owner.

14. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

15. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Mattingly's information.

16. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Mattingly's information into Debt Owner's sales or customer systems.

17. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 3 of 11

18.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Mr. Mattingly.

19.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when contacting Mr. Mattingly and Debt Owner failed to stop such violations by Debt Collector.

20.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Mattingly's debt on behalf of Debt Owner.

### *Statements of Fact*

21.     Mr. Mattingly opened two credit card accounts with Debt Owner for personal or household use, one of which was assigned a unique account number ending ████ "Account").

22.     Sometime thereafter, Mr. Mattingly encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

23.     On or around March 21, 2021, Defendant received notice that Mr. Mattingly was represented by counsel with respect to the Debt. *See* **Exhibit A.**

24.     After Defendant had actual knowledge that Mr. Mattingly was represented by counsel with respect to the Debt Defendant continued to communicate with Mr. Mattingly directly in connection with the collection of the Debt.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 4 of 11

25.     For example, on or around June 24, 2021, Debt Owner sent an email directly to Mr. Mattingly in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit B.**

26.     Debt Owner's June 24, 2021 email was addressed directly to Mr. Mattingly, demanded a total amount due of $1,196.36 by a due date of June 24, 2021, and offered the option to pay online, to pay using the attached payment coupon, pay by mail, or pay by phone. *See* **Exhibit B.**

27.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Collector for collection purposes.

28.     Upon information and belief, Debt Owner notified Debt Collector of Mr. Mattingly's attorney representation at the time of assigning the Account and the Debt to Debt Collector for collection purposes.

29.     On or around June 29, 2021, Debt Collector then sent a letter directly to Mr. Mattingly in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit C.**

30.     Debt Collector's June 29, 2021 letter was addressed directly to Mr. Mattingly, demanded a total amount due of $6,186.00 by a due date of August 8, 2021, and offered the option to pay online, to pay using the attached payment coupon, pay by mail, or pay by phone. *See* **Exhibit C.**

31.     All of Defendants' emails and letters to Mr. Mattingly were done in connection with the collection of the alleged Debt.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 5 of 11

### Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

32. Mr. Mattingly re-alleges paragraphs 1-31 and incorporates the same herein by reference.

33. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Mattingly after Defendant had actual knowledge that Mr. Mattingly was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Mr. Mattingly's attorney's name and address.

34. As a result of the above violations of the FCCPA, Mr. Mattingly has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

35. Defendant's actions have violated Mr. Mattingly's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

36. Defendant's actions have damaged Mr. Mattingly by causing him stress.

37. Defendant's actions have damaged Mr. Mattingly by causing him anxiety.

38. Defendant's actions have damaged Mr. Mattingly by being an annoyance.

39. Defendant's actions have damaged Mr. Mattingly by causing him aggravation.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 6 of 11

8/28/2021 11:45 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 6

40.   It has been necessary for Mr. Mattingly to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

41.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

    d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.   Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

42.   Mr. Mattingly re-alleges paragraphs 1-31 and incorporates the same herein by reference.

43.   Debt Owner violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a.   Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Mattingly after Defendant had actual knowledge that Mr. Mattingly was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Mr. Mattingly's attorney's name and address.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 7 of 11

8/28/2021 11:45 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 7

44. At all times material hereto, Debt Owner was and is vicariously and/or directly liable for the actions of Debt Collector.

45. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

      b. Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Mattingly after Defendant had actual knowledge that Mr. Mattingly was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Mr. Mattingly's attorney's name and address.

46. As a result of the above violations of the FCCPA, Mr. Mattingly has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

47. Defendant's actions have violated Mr. Mattingly's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

48. Defendant's actions have damaged Mr. Mattingly by causing him stress.

49. Defendant's actions have damaged Mr. Mattingly by causing him anxiety.

50. Defendant's actions have damaged Mr. Mattingly by being an annoyance.

51. Defendant's actions have damaged Mr. Mattingly by causing him aggravation.

52. It has been necessary for Mr. Mattingly to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 8 of 11

53.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

> a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;
>
> b.   Awarding actual damages;
>
> c.   Awarding costs and attorneys' fees;
>
> d.   Ordering an injunction preventing further wrongful contact by the Defendant; and
>
> e.   Any other and further relief as this Court deems just and equitable.

## Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)

54.   Mr. Mattingly re-alleges paragraphs 1-31 and incorporates the same herein by reference.

55.   Mr. Mattingly is a "consumer" within the meaning of the FDCPA.

56.   The subject debt is a "consumer debt" within the meaning of the FDCPA.

57.   Debt Collector is a "debt collector" within the meaning of the FDCPA.

58.   Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

> a.   Debt Collector violated 15 U.S.C. § 1692c(a) by communicating directly with Mr. Mattingly after Debt Collector knew Mr. Mattingly was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain, such attorney's name and address.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 9 of 11

59.     As a result of the above violations of the FDCPA, Mr. Mattingly has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

60.     Defendant's actions have violated Mr. Mattingly's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

61.     Defendant's actions have damaged Mr. Mattingly by causing him stress.

62.     Defendant's actions have damaged Mr. Mattingly by causing him anxiety.

63.     Defendant's actions have damaged Mr. Mattingly by being an annoyance.

64.     Defendant's actions have damaged Mr. Mattingly by causing him aggravation.

65.     It has been necessary for Mr. Mattingly to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

66.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 10 of 11

## DEMAND FOR JURY TRIAL

Plaintiff, **GLEN MATTINGLY**, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 28, 2021**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 11 of 11

Filing # 133607898 E-Filed 08/28/2021 11:45:05 AM

# EXHIBIT A

# Fax Transmission

**To:**  Citibank, N.A.                          **From:**  Law Office of Michael A. Ziegler PL.

**Fax:**  13478096937                           **Date:**  3/21/2021 8:14:52 AM EDT

**RE:**  Attn: Bankruptcy - Notice of Representation for G     **Pages:**  3

**Comments:**

To Bankruptcy / Collections Department,

Please see the enclosed Notice of Representation and Third Party Authorization for Glen
Mattingly.

Thank you.

Name                          :   Glen Mattingly _____

Street Address                :   ██████████████ _____

                                  _____

DOB                           :   ████████

Last 4 Digits of SSN #        :   ████

**March 09, 2021**

   **RE:   Acknowledgement of Representation**

To Whom it May Concern:

   I have retained the services of the Ziegler Diamond Law: Debt Fighters. I hereby authorize you to communicate with their office regarding my account(s), and further authorize the release and any and all documents relating to my account(s) as requested by them.

   Please direct any and all further communications regarding my account(s) and my debt(s) to the Ziegler Diamond Law: Debt Fighters.

   Ziegler Diamond Law: Debt Fighters. 2561 Nursery Road, Ste. A

   Clearwater, FL 33764

   (p) (727) 538-4188

   (f) (727) 362-4778

   debtdefense@attorneydebtfighters.com

Regards,

*Glen Mattingly*

_____

Client Signature

 ZIEGLER DIAMOND LAW
**DEBT FIGHTERS**

2561 Nursery Road, Ste A
Clearwater, FL 33764
727-538-4188
attorneydebtfighters.com



March 21, 2021

Citibank, N.A.
P.O. Box 6241
Sioux Falls, SD 57117
*Sent via Facsimile to 347-809-6937*

     **RE:**   *Notice of Representation for Glen Mattingly.*
         Account No.   :    *▮******; *▮******.
         Our Matter No. :    2401.01.

To Whom It May Concern:

    Please take notice that I have been retained by Glen Mattingly with respect to the above referenced matter. A signed Third-Party Authorization has been completed by my client and is enclosed for your records.

    Please take notice that the consumer disputes the validity of this debt. Therefore, we would request that validation of the alleged debt be provided to our office within 30 days. This includes, but is not limited to, account statements reflecting all purchase transactions, fees, and interest.

    Any and all further communications in regard to the above account(s) should be directed to my attention. If you have any questions or concerns, please reach out to my office.

               Very truly yours,

               Regards,

               Michael A. Ziegler, Esq.

Filing # 133607898 E-Filed 08/28/2021 11:45:05 AM

# EXHIBIT C



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX3789
ACCOUNT BALANCE: $10,308.39
MINIMUM PAYMENT DUE: $1,475.38
REFERENCE NUMBER: ▮▮▮▮▮▮

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 6/29/2021

## DEBT VALIDATION NOTICE

Our client, the current creditor referenced above, has placed the above Citi Mastercard® account with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Your Account Balance: $10,308.39**
**Your Account Resolution Offer: $6,186.00**

### ACCOUNT RESOLUTION OFFER

We are offering you the ability to resolve your account balance for the amount of $6,186.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. This offer does not affect your right to dispute the debt as described above.

As of the date of this letter, the account balance is $10,308.39. If on the date you make a payment, the account balance is greater because of interest or other charges, our office will honor the above resolution offer if received in our office by the above due date.

We look forward to working with you in resolving this matter.

Michael Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | |
|---|---|
| AMOUNT ENCLOSED | |



Checks Payable To:
Citibank, N.A.


GLEN K MATTINGLY

**REMIT TO:**

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376

117611-483-CB809SOI

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Numbers: 2076846, 2076851, 2096216
You may request a translation of certain communications into Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer Affairs website, www.nyc.gov/dca.

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX3789
ACCOUNT BALANCE: $10,308.39
MINIMUM PAYMENT DUE: $1,475.38
REFERENCE NUMBER: 33993205

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 6/29/2021

**DEBT VALIDATION NOTICE**

| | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
|---|---|---|---|
| | Pay-by-Phone: 1-877-552-5905 | | Contact our office at 877-288-0504 for payment options, which may be available to you. |



PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | |
|---|---|
| AMOUNT ENCLOSED | |

Checks Payable To:
Citibank, N.A.

**REMIT TO:**

GLEN K MATTINGLY

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376



2 of 2

117811-484-CB809SOI

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Numbers: 2076846, 2076851, 2096216
You may request a translation of certain communications into Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer Affairs website, www.nyc.gov/dca.

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

Filing # 133607898 E-Filed 08/28/2021 11:45:05 AM

# EXHIBIT B

**From: Citi Simplicity® Card** <DoNotReply@info11.citi.com>
Date: Thu, Jun 24, 2021 at 4:25 PM
Subject: A payment is required on your account
To: <captk1███@gmail.com>

Make a payment now.

## ACTION REQUIRED

 citi

 Glen Mattingly
Account ending in 3789

# Payment is required immediately

## Your account is seriously past due

Hi, Glen. We noticed that you are 4 payments past due on
your Citi Simplicity® Card.

Even though your account is closed, it's important that you
pay the minimum payment amount of $1196.36 immediately to
avoid any fees that may apply. If you've already made a
payment on this account, no action is required.

**We may be able to help**
If you're experiencing financial difficulty, the Citi Online
Payment Assistance tool offers you several payment options
which may include lowering your minimum amount due each
month and a lower interest rate. You can view personalized

payment plans and select the one that works best.

**Make your situation more manageable**
It's important to make a payment today or take advantage of
our payment options. Late payments, missed payments or
other defaults on your account may be reflected in your credit
report.

Please don't delay your payments any longer. You can make a
payment right away by clicking below, in the Citi Mobile® App
or click "View Payment Options".

If you have any questions or need help, you can always chat
with an agent in Citi® Online or give us a call at 1-866-544-
6447* (TTY: 1-800-926-5818 For hearing and speech impaired
only).

Make A Payment          View Payment Options

Your Citi Team

View Your Account        Pay Your Bill        Contact Us

Download the Citi Mobile app.

  

Apple and the Apple logo are trademarks of Apple Inc., registered in the U.S. and other countries.
App Store is a service mark of Apple Inc. Google Play is a trademark of Google Inc.

Citibank is not responsible for products and services offered by other companies.

Hours of Operation:
Monday-Friday, 8:00am-10:00pm ET
Saturday-Sunday, 9:30am-6:00pm ET

TTY Number: 1-800-926-5818 (For hearing and speech impaired only)

*Calls are randomly monitored and recorded to ensure quality service.

Your Citi Simplicity® Card account is issued and serviced by Citibank, N.A.

The purpose of this communication is to collect a debt and all information will be used for that purpose.

Information for Massachusetts Residents:

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS
REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY
SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN

CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF
SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

E-mail Security Zone
At he top of his message, you'll see an E-mail Security Zone. Its purpose is to help you verify hat the
e-mail was indeed sent by Ci i. If you have questions, please call the customer service phone number
on the back of your card. To learn more about online fraud, visit citibank.com and click "Security" at the
bottom of the screen.



Privacy
Security
Terms and Conditions

Should you want to contact us in writing concerning his email, please direct your correspondence to:

Ci ibank Customer Service. P. O. Box 6500 Sioux Falls, SD 57117

Contact Us
If you have questions, sign on to your account and select the "Contact Us" dropdown at the top of the
screen. You can also call he customer service phone number on the back of your card.

Please do not reply to this email as it is sent from an unattended mailbox.

©2021 Citibank, N.A.
Ci i, Citibank, Citi with Arc Design, Ci i Mobile and Citi Simplicity are registered service marks of Ci igroup
Inc.

20210624CYCO9956

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **28** day of **August, 2021**:

1.     __X__ Electronic Mail/Electronic Service, __X__ Delivery, ____ US Mail, ____ Fax

Client Services, Inc.
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.     Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.     Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.     Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.     Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials,

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **2** of **11**

correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.    A request to "identify" a document is a request to state (insofar as may be applicable):

    a.  The date of such document.

    b.  The type of document or written communication it is.

    c.  The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

    d.  The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

    e.  The present location of such document.

    f.  The name and present address of the person now having custody of the document.

    g.  Whether You possess or control the original or a copy thereof and if so, the:

        i.  location and name of the custodian of such original or copy;

        ii.  a brief description of the contents of such document.

6.    A request to "describe" any oral statement or communication is a request to state:

    a.  The name and present address of each individual making such statement or communication.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 3 of 11

b. The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c. The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d. The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e. The place where such oral statement or communication was made.

f. A brief description of the contents of such oral statement or communication.

7. A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8. The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9. Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a. His/her full name.

b. His/her employer and position at the time.

c. The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 4 of 11

      d.  His/her last known address, telephone number, and employer.

      e.  His/her present employer.

10.     A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

      a.  State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

      b.  For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.     Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.     The term "Relevant Time Period" refers to the time period from March 21, 2021 through the present date. All interrogatories and requests refer to the Relevant Time Period unless specifically stated otherwise.

13.     The term "Plaintiff's E-mail Address" refers to e-mail address captk1***@gmail.com.

14.     The acronym "FCCPA" refers to the Florida Consumer Collection Protection Act, Fla. Stat. § 559.72.

15.     The acronym "FDCPA" refers to the Federal Debt Collection Protection Act, 15 U.S.C. § 1692 et seq.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 5 of 11

16.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

17.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

### [THIS SECTION LEFT INTENTIONALLY BLANK]

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 6 of 11

## II. PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT CLIENT SERVICES, INC.

1.     All documents utilized or referred to in preparing Your responses to any Interrogatories or Requests for Admission served on You in this lawsuit.

2.     Any and all documents contained in the Subject Account file, including, but not limited to: all account notes, system-generated activity, and payment history.

3.     Produce all nonprivileged documents in Your possession that mention, discuss, or reference this lawsuit.

4.     Your complete records (typewritten, handwritten, and computer-generated) of Your attempts to collect an alleged balance owed under the Subject Account including, but not limited to: all records of: (i.) all calls placed or text messages sent to all phone numbers associated with the Subject Account, (ii.) all e-mails sent to all email addresses associated with the Subject Account, and (iii.) all letters sent to all addresses associated with the Subject Account.

5.     All statements obtained by You from Plaintiff.

6.     Your call log or dialer records of all calls related to the Subject Account (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account).

7.     Any documents which contain Plaintiff's name, phone numbers, or e-mail addresses which were referenced in an attempt to collect on any alleged balance owed under the Subject Account.

8.     Any and all audio recordings of any and all phone calls (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account), interviews, meetings and/or discussions related to the Subject Account. Produce these as they are kept in the usual course of business. If this information is electronically stored, please produce in mp3 format and send via email or weblink to counsel of record for Plaintiff in this lawsuit, or produce on CD, DVD, or USB memory drive and send via certified mail to counsel of record for Plaintiff in this lawsuit.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 7 of 11

9.      Copies of each and every document that You intend to use or seek to introduce as evidence at summary judgment or trial in this lawsuit.

10.     All complete debt collection training records, including, but not limited to, any disciplinary history of all natural persons who attempted to collect an alleged balance owed under the Subject Account.

11.     All form e-mails, letters, text messages, or telephone scripts that You used or relied upon when communicating with Plaintiff regarding the Subject Account.

12.     All policies or procedures which You contend support any bona fide error defense that You are raising.

13.     Documents evidencing your policies and procedures for documenting telephone calls, emails, letters, and/or conversations with individuals contacted by You regarding the Subject Account during the Relevant Time Period.

14.     Documents You used to comply with Fla. Stat. § 559.72 (18) of the FCCPA during **each year** of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

15.     A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FCCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FCCPA, Fla. Stat. § 559.72 (18), during **each year** of the Relevant Time Period.

16.     A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FCCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FCCPA, Fla. Stat. § 559.72 (18), during **each year** of the Relevant Time Period.

17.     Documents You used to comply with 15 U.S.C. § 1692c(a) of the FDCPA during each year of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

18.     A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 8 of 11

procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(a) during each year of the Relevant Time Period.

19.     A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(a) during each year of the Relevant Time Period.

20.     Documents evidencing any contract or agreement between Plaintiff and You concerning the Subject Account in effect during the Relevant Time Period.

21.     Produce all Documents identifying, relating to, or regarding all contracts or agreements between You and any person (including, but limited to, any and all subservicers, servicers, or any other business entity) that communicated with Plaintiff or any third parties on Your behalf in connection with the collection of any alleged balance owed under the Subject Account during the Relevant Time Period. This Request seeks information regarding, but not limited to, any letter, email, scrubbing, or other vendor(s) used with respect to the Subject Account.

22.     Any insurance policies, declaration pages, indemnification agreements, or other contracts You have that may cover the violations alleged in this lawsuit.

23.     Any insurance policies, declaration pages, indemnification agreements, or other contracts You have that may cover the violations alleged in this lawsuit.

24.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning saving tape recordings that are the subject of legal complaints filed against You.

25.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning documents and data.

26.     All documents that support the factual basis of Your denial of any of the allegations alleged in Plaintiff's Complaint.

27.     All documents that support the factual basis of any Affirmative Defense asserted by You in Your Answer and Affirmative Defenses.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 9 of 11

28.     A log of any and all documents or data that You contend may have been destroyed regarding the Plaintiff or the Subject Account. Include in the log a description of the document or data, the date of destruction, and the party responsible.

29.     All documents or information regarding the Subject Account that was sent to any credit reporting agency, or to any vendor, that was used to furnish information to the credit reporting agencies or was otherwise used in connection with the Subject Account.

30.     Any and all transcripts of depositions taken of any corporate representative of Your company in the past 5 years.

31.     Produce a privilege log of any documents or communications withheld from production.

32.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FCCPA, § 559.72 (18) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

33.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FDCPA, 15 U.S.C. §§ 1692c(a) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

34.     All documents or recordings that relate in any way to your relationship with Citibank, N.A., including, but not limited to, contracts, both written and oral, guides, and policy and procedure documents, that relate to the Subject Account.

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 10 of 11

DATED **August 28, 2021:**


*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*


**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Requests for Production to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 11 of 11

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**GLEN MATTINGLY,**

     **Plaintiff,**

v.

                                         Case No.   21-CC-091119

**CITIBANK, N.A. and
CLIENT SERVICES, INC.,**

     **Defendants.**

_____/

### PLAINTIFF'S FIRST
### INTERROGATORIES TO DEFENDANT CLIENT SERVICES, INC.

     **COMES NOW**, Plaintiff, **GLEN MATTINGLY** ("Mr. Mattingly" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **CLIENT SERVICES,**

**INC.,** respond to the following Interrogatories within 30 days after service hereof, in accordance

with Fla. R. Civ. P.§ 1.340.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 1 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served, but not filed, as follows on the **05** day of **October, 2021:**

1.        _____ Electronic Mail/Electronic Service, __X__ Delivery, _____ US Mail, _____ Fax

Client Services, Inc.
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.        Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.        Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.        Each request and interrogatory is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.        Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes,

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **2** of **16**

reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied  or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

     5.     A request to "identify" a document is a request to state (insofar as may be applicable):

     a.     The date of such document.

     b.     The type of document or written communication it is.

     c.     The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

     d.     The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

     e.     The present location of such document.

     f.     The name and present address of the person now having custody of the document.

     g.     Whether You possess or control the original or a copy thereof and if so, the:

     i.     location and name of the custodian of such original or copy;

     ii.     a brief description of the contents of such document.

     6.     A request to "describe" any oral statement or communication is a request to state:

     a.     The name and present address of each individual making such statement or communication.

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly  v. Citibank, N.A. and Client Services, Inc.*
Page 3 of 16

b.     The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c.     The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d.     The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e.     The place where such oral statement or communication was made.

f.     A brief description of the contents of such oral statement or communication.

7.     A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.     The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.     Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a.     His/her full name.

b.     His/her employer and position at the time.

c.     The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 4 of 16

   d. His/her last known address, telephone number, and employer.

   e. His/her present employer.

  10. A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

   a. State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

   b. For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

  11. Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

  12. A request in any of the enclosed interrogatories to "identify" any document is a request to attach said document to answers to these interrogatories. If documents are attached to answers to these interrogatories, they must be marked to identify which interrogatory they refer to. In identifying documents You are also requested to produce, You need to supply only so much of the requested information as is not readily apparent from the face of the document.

  13. The term "Relevant Time Period" refers to the time period from March 21, 2021 through the present date. All interrogatories and requests refer to the Relevant Time Period unless specifically stated otherwise.

  14. The term "Plaintiff's E-mail Address" refers to e-mail address captk1***@gmail.com.

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 5 of 16

15.     The acronym "FCCPA" refers to the Florida Consumer Collection Protection Act, Fla. Stat. § 559.72.

16.     The acronym "FDCPA" refers to the Federal Debt Collection Protection Act, 15 U.S.C. § 1692 et seq.

17.     If an answer to an interrogatory requires space beyond what is provided, please continue Your answer on additional paper, providing the question and the additional page number (e.g. "Interrogatory 3, page 2").

18.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

19.     Assume all interrogatories and discovery requests seek information from the time period during which You maintain(ed) the Subject Account and attempted to collect any balance owed under the Account.

20.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 6 of 16

## II. PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT CLIENT SERVICES, INC.

1.      State the name, the position of employment, and the telephone number of every person who assisted in the preparation of the answers to these interrogatories.

**ANSWER:**

2.      State whether You have ever been involved in any previous FCCPA or FDCPA litigation anywhere in the United States in the past five (5) years, and if Your answer is in the affirmative, please state the date litigation was commenced and resolved (if applicable), parties, jurisdiction, venue, case number, synopsis of the case, and detailed description of the resolution thereof.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 7 of 16

3.  Identify any servicer, sub-servicer, forwarder, intermediary, or third parties who conducted activity on the Subject Account, including, but not limited to engaging in the communications at issue in this lawsuit. Please identify the date of the activity by each entity, and the nature of the activity.

**ANSWER:**

4.  Identify each individual who spoke with the Plaintiff or any persons besides the Plaintiff regarding the Subject Account on Your behalf, including, in addition to the itemized information included in the definitions enclosed with these Plaintiff's First Interrogatories, that individual's first, middle, and last name, that individual's position at the time of speaking with Plaintiff or any other persons besides the plaintiff regarding the Subject Account, the last two known addresses of that individual, the last known personal phone number of that individual, and employer of the individual who spoke with the Plaintiff. Please identify the date and time of each conversation between that individual and Plaintiff or any persons besides the Plaintiff regarding the Subject Account.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **8** of **16**

5.      State whether or not written, recorded or oral statements have been obtained from any persons relating to the facts or circumstances surrounding the occurrence mentioned in the Complaint.  If so, state the name, address, employer, and job title of the person presently having control, custody or being present for such statements.

     **ANSWER:**

6.      State the number of letters that you sent to Plaintiff during the Relevant Time Period. For each email identified by You in response to this Interrogatory, describe Your reason or purpose for sending the email to Plaintiff.

     **ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **9** of **16**

7.      Identify and state the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the Subject Account or Your collection efforts related to the Subject Account.

**ANSWER:**

8.      Identify the account numbers of all accounts You have that relate to the instant lawsuit in any way, and identify the primary and any secondary account obligor.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **10** of **16**

9.     Identify the date on which You received the communication attached to Plaintiff's complaint as Exhibit "A."

**ANSWER:**

10.     Identify the name and address of any entity who assigned or placed the Debt, as defined in the Complaint, and/or Subject Account with You. In addition, provide the dates of such assignment or placement.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 11 of 16

11.   Describe your relationship with your co-defendant, Citibank, N.A..

**ANSWER:**

12.   Describe any formal or informal agreements in which any entity may be responsible to pay any verdict, award, or settlement of any defendant in this action.  This interrogatory seeks identification and description of any agreements between You and any applicable liability insurance provider, identifying the name of the liability insurance provider, the policy number, the claim number with respect to this occurrence (if applicable), policy limits, the Declaration Page, the insurance adjuster's name and contact information, and the name and address of the custodian of the policy.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **12** of 16

13.     Identify the name and address of each and every third party You communicated with or shared information with regarding Plaintiff, the Debt, as defined in the Complaint, and/or the Subject Account. This Interrogatory seeks information regarding, but not limited to, the letter vendor(s) You used to print and/or send the letter attached to Plaintiff's Complaint as Exhibit "C."

   **ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page **13** of **16**

14.     Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's operative Complaint, your answer, and affirmative defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred. The request for identification of trial testimony is limited to testimony given relating to any claims concerning compliance with the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), on behalf of the party responding to this Interrogatory. This interrogatory is further limited to testimony given within the preceding five years.

**ANSWER:**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 14 of 16

## VERIFICATION PAGE

I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: _____

_____
Signature

_____
Print name

_____
Title

State of _____

County of _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 202__, by _____ (name of officer or agent, title of officer or agent) of _____ (name of corporation acknowledging), a _____ (state or place of incorporation) corporation, on behalf of the corporation. He/she is _____ personally known, or _____ produced _____, as identification.

_____
NOTARY PUBLIC
Printed Name: _____
Commission Expires: _____

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 15 of 16

DATED **October 5, 2021:**

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Interrogatories to Client Services, Inc.
*Mattingly v. Citibank, N.A. and Client Services, Inc.*
Page 16 of 16